## THE GLOBE MUTUAL LIFE INSURANCE COMPANY, APPELLANT, *v.* GEORGE C. SNELL, RESPONDENT.

*Application for policy of insurance — may be withdrawn at any time before the policy is issued.*

On April 26, 1877, an agent of the plaintiff applied to the defendant at Manheim, Herkimer county, to insure his life in the plaintiff's company. The defendant finally consented to apply for a policy for $5,000, and the application and necessary papers were prepared and signed, to be sent to the company in New York, to be by it accepted or rejected. On April 30, 1877, the defendant being dissatisfied with the financial standing of the company, wrote to the agent at St. Johnsville, that he had concluded not to take out the policy. The company received the application, and on May 21, 1877, made out a policy and sent it to the agent, who tendered it to the defendant on July 24, 1877, who refused to receive it. This action was brought to recover the half-year premium due by the terms of the policy.

*Held*, that the defendant was entitled to withdraw his application at any time before it had been accepted, and that having done so he was not bound to accept the policy subsequently made out and tendered by the company.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury.

*W. E. Scripture*, for the appellant.

*E. E. Sheldon*, for the respondent.

TALCOTT, P. J. :

This is an appeal from a judgment for the defendant, rendered at the Herkimer Circuit on a verdict.

The action is brought by a life insurance company on an alleged agreement, in writing, made on the 26th of April, 1877, by which the defendant authorized Daniel Storms, an agent of the plaintiff, to procure a policy on his (the defendant's) life from the plaintiff, for the sum of $5,000, and agreed upon the presentation of the said policy to accept the same and pay the sum of $51.75, being the semi-annual premium upon the said policy.

The said Daniel Storms and one Vickory, also an agent of the said plaintiff, on the said 26th of April, 1877, came to the defendant's house in Manheim, in the county of Herkimer, and solicited the defendant to insure his life in the plaintiff's company, and the defendant finally consented to become an applicant for such insurance to the amount of $5,000, the application to the company and the other papers were thereupon made out and delivered to said Storms to be forwarded to the said company's office in New York, to be considered and acted upon by the proper officers of the company, and to be either accepted or rejected by them.

The defendant Snell testified that Storms and Vickory said, that if the application should be accepted by the company, he (Snell) would receive the policy within two weeks. On the 30th of April, 1877, Snell, for some reason, which does not appear, but as stated in the answer, because he discovered that the said company was not of the character and financial standing which had been represented to him by said Storms and Vickory, concluded not to take a policy from said company, and wrote the following letter addressed to said Storms at St. Johnsville, where he resided, viz. :

"LITTLE FALLS, *April* 30, 1877.

"DEAR SIR — I have concluded not to take a policy, and so I will let you know in time.

"Yours truly,

"GEORGE C. SNELL."

This letter was received by Storms on or about the 1st of May, 1877. The company received the application, and on the 21st of

May, 1877, made out a policy, and sent it to Storms for delivery to Snell. Storms tendered the policy to Snell on the 24th day of July, 1877, who refused to receive it, and this action was then brought by the company to recover the $51.75, half-year's premium due by the terms of the said policy.

The testimony of the two agents, Storms and Vickory, in substance, tended to show that, at the time of receiving the application and making the agreement, it was not specifically agreed between the said Storms and Snell that, if the company accepted the risk, the policy should be delivered to Snell within ten days, though they substantially conceded that they had said to him that if the application was accepted the policy would, in the ordinary course of business, be delivered to him within two weeks. The court charged the jury that no time for a delivery of the policy being specified, the law implied that it was to be delivered within a reasonable time; and that if it was made a condition of the contract that if the application should be accepted, the policy should be delivered within two weeks from the time of signing the application and agreement, that a tender of the policy after the expiration of nearly three months was not a compliance with the condition, and the defendant was not bound to receive the policy and pay the premium after the lapse of such time; and this question was left to the jury as a question of fact.

The plaintiff excepted to so much of the charge as instructed the jury that where no time was named for the delivery of the policy, the law would imply that, if accepted, it was to be delivered in a reasonable time. The plaintiff also requested the court to charge that the defendant, not having placed his refusal to accept the policy on the ground that it was to have been delivered within two weeks, waived that objection. To this the court said : "It is a circumstance to be considered by the jury in finding where the truth is." But that if, when the policy was offered to him, the defendant had shut his mouth and said nothing, it was not necessarily a waiver of the right to insist that the offer of the policy was too late. To this the plaintiff excepted. We think those portions of the charge which were excepted to were correct ; but, moreover, and aside from any question about whether the

accepted policy was tendered in time, we think that, after the notice given by Snell to the plaintiff, he was under no obligation to accept the policy.

The substance of the transaction was an application by Snell to the plaintiff for a policy of insurance, afterwards and before the application had been accepted and, for aught that appears before the plaintiff had in any way considered or acted upon it, and probably before the application had even reached the office of the plaintiff in New York, full notice of the countermand was given to the agent by whom the application had been solicited. The promise to pay contained in the written contract hereupon, though in form made to Daniel Storms, was in fact made to him as the agent for the company, and the consideration agreed to be paid by Snell was not intended as a consideration for the services of Storms in receiving the application and forwarding it to his principal, but was expressly stated to be the semi-annual premium upon the policy; besides, the plaintiff does not claim as the assignee of Storms. We understand that the well-settled rule of law is, that " the party making the promise is bound to nothing unless the promisee, within a reasonable time, engages to do, or else does or begins to do, the thing which is the condition of the first promise. Until such engagement or doing the promissor may withdraw his promise, because there is no mutuality and, therefore, no consideration for it." (1 Parsons on Con., 550, 551.) The case of *Justice* v. *Lang*, cited by the counsel for the plaintiff from 42 N. Y., 493, which was an action on an alleged contract for the sale and purchase of certain Enfield rifles, was again before the Court of Appeals and reported in 52 N. Y., 329, and on the latter occasion it was held to be, under the circumstances, a question of fact for the jury whether there was any agreement by the plaintiff, the alleged vendee of the rifles, to accept and pay for the same. We do not see that the case has any bearing upon the question presented in this case. The application was simply a request to the defendant to enter into a contract. This request the defendant could lawfully countermand before it had been accepted by the plaintiff. This doctrine was held to its full extent in the Massachusetts case of *Real Estate Mut. F. Ins. Co.* v. *Roessle* (1 Gray, 336).

.The judgment should be affirmed.

Present — TALCOTT, P. J., and SMITH, J.; HARDIN, J., not sitting.

Judgment affirmed.